UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6657 MRW | Date | January 11, 2024 |
|---|---|---|---|
| Title | Circled Wagons Mgmt v. Loder | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge |
|---|---|
| James Muñoz | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys for Plaintiff: | Attorneys for Defendant: |
| n/a | n/a |

**Proceedings:**   ORDER DENYING DISMISSAL MOTION

     1.    This is a copyright infringement action. Defendant Loder moved to dismiss the amended complaint on the ground that his use of Plaintiff's visual work was protected under the fair use provision of the federal copyright statute. (Docket # 20.) For the reasons stated at length at our hearing, the dismissal motion is denied without prejudice.

     2.    A district court's application of the fair use defense is a mixed question of law and fact. <u>Monge v. Maya Magazines, Inc.</u>, 688 F.3d 1164, 1170 (9th Cir. 2012). At this early stage of the lawsuit, numerous unexplored factual issues – focusing primarily on the nature of the actual use that Defendant allegedly made with the protected work, and the financial implications stemming from that – will drive that analysis. Taking the allegations in the amended complaint as true, Defendant cannot presently demonstrate that the fair use doctrine applies here as a complete defense as a matter of law or fact. <u>Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith</u>, 598 U.S. 508, 525 (2023) (first fair use factor analysis of alleged infringing use "is a matter of degree, and the degree of difference must be weighed against other considerations"); <u>Sedlik v. Von Drachenberg</u>, No. CV 21-1102 DSF (MRWx) (C.D. Cal.) (Docket # 160 at 9) ("Whether the [allegedly infringing] Tattoo was done for a commercial purpose is a material factual issue that must be resolved by a jury.").

     3.    In the interests of clarity, the denial of the dismissal request at this stage of the litigation will not serve as law of the case, nor will it preclude either party from presenting their positions regarding fair use at the summary judgment or trial phases of the case.

     4.    The defense is directed to file a timely answer to the complaint. Because the parties have already conducted their Rule 26(f) meeting, you may commence discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6657 MRW | Date | January 11, 2024 |
|---|---|---|---|
| Title | Circled Wagons Mgmt v. Loder | | |

5. Now that I've actually reviewed your Rule 26 report (Docket # 21 – I had it in my notes the entire time!), I've tweaked your dates a bit to account for the motion practice:

| Event | Date |
|---|---|
| Last Day to Amend Pleadings or Add Parties | February 9, 2024 |
| Fact Discovery to be Completed | June 28, 2024 |
| Expert Disclosure Produced | June 28, 2024 |
| Rebuttal Disclosure (or other disclosures under FRCP 26(a)(2)(D)) Produced | July 12, 2024 |
| Expert Discovery Concluded | July 26, 2024 |
| ADR Completed | June 28, 2024 |
| Last Day for Summary Judgment Motions to Be Heard | August 14, 2024 |
| Filing of PTC Order, Jury Instructions (joint and disputed), and Other Trial Documents | TBD |
| Pretrial Conference and Hearing on Pretrial Motions | TBD |
| Trial | TBD |

6. Additionally, the Court will conduct the "half-time" video status conference with the parties on May 8, 2024, at 9:30 a.m.

7. Finally, the Court authorizes the parties to request a conference with Judge Wilner before moving for an order relating to discovery. (Fed. R. Civ. P. 16(b)(3)(v).) The party seeking such a conference may send an e-mail request to MRW_chambers@cacd.uscourts.gov. The request must: (a) include a one- or two-line summary of the discovery dispute; (b) indicate that the parties have been unable to resolve the dispute informally; and (c) copy all parties on the e-mail. **N.B.** – A party that uses this informal procedure unnecessarily or without making appropriate efforts to resolve disputes directly may forfeit this privilege. The parties are further advised that any contested discovery motion must be filed and heard before the close of the relevant (fact or expert) discovery period set forth above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6657 MRW | Date | January 11, 2024 |
|---|---|---|---|
| Title | Circled Wagons Mgmt v. Loder | | |

      8.      The parties are advised to periodically review the Court's website (www.cacd.uscourts.gov) for online updates to Judge Wilner's pretrial and trial procedures.

      9.      The parties' joint request to mediate the action with a volunteer from the Court's ADR panel is approved.